# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Frankies Fun Park of Columbia, LLC; Frankies Fun Park of Greenville, LLC; Frankies Fun Park of Raleigh, LLC; and Frankies Fun Park of Charlotte, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>The United States Small Business Administration; Isabel Casillas Guzman, in her official capacity as Administrator of the United States Small Business Administration; Janet Yellen, in her official capacity as Secretary of the United States Department of the Treasury; and the United States of America,<br><br>    Defendants. | Civil Action No.: 2:24-cv-02836-DCN<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, JUDICIAL REVIEW OF DECISION OF AN AGENCY, AND VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**<br>**(Jury Trial Demanded)** |

  Plaintiffs Frankies Fun Park of Columbia, LLC ("FFP-Columbia"), Frankies Fun Park of Greenville, LLC ("FFP-Greenville"), Frankies Fun Park of Raleigh, LLC ("FFP-Raleigh"), and Frankies Fun Park of Charlotte, LLC ("FFP-Charlotte") (collectively, "Plaintiffs"), for this Complaint for Injunctive and Declaratory Relief, Judicial Review of Decision of an Agency, and Violations of the Freedom of Information Act against Defendants The United States Small Business Administration (the "SBA"); Isabel Casillas Guzman, in her official capacity as Administrator of the United States Small Business Administration (the "SBA Administrator"); Janet Yellen, in her official capacity as Secretary of the United States Department of the Treasury (the "Treasury Secretary"); and the United States of America (the "United States"), state and allege the following.

**INTRODUCTION**

1. Plaintiffs bring this action under the Administrative Procedure Act (the "APA") for judicial review of the factually and legally erroneous, arbitrary, and capricious decisions by the SBA and the SBA Administrator to deny forgiveness to Plaintiffs of loans they obtained through the Paycheck Protection Program (the "PPP") pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The Court should reverse and set aside the SBA's decisions and order it to forgive Plaintiffs' PPP loans.

2. FFP-Columbia and FFP-Charlotte also bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the SBA for the SBA's failure to make a determination on FFP-Columbia's and FFP-Charlotte's FOIA request and failure to disclose the requested documents within the time prescribed by FOIA. Therefore, FFP-Columbia and FFP-Charlotte seek injunctive and other appropriate relief under FOIA.

**PARTIES**

3. Plaintiffs are South Carolina limited liability companies that maintain their principal place of business in Charleston, South Carolina. Frankies Fun Parks, LLC ("FFP") owns Plaintiffs and nonparty Frankies Fun Park of Charleston, LLC ("FFP-Charleston") (collectively, the "FFP Entities"), which are engaged in the restaurant, food and beverage, and amusement park business. FFP and two full-service restaurants, Maybank Restaurant Group, LLC d/b/a Wild Olive ("Wild Olive") and SI Wild Olive Restaurant Group, LLC d/b/a The Obstinate Daughter ("Obstinate Daughter"), share common ownership. FFP-Columbia does business in Columbia, South Carolina, as Frankie's Fun Park; FFP-Greenville does business in Greenville, South Carolina, as Frankie's Fun Park; FFP-Raleigh does business in Raleigh, North Carolina, as

Frankie's Fun Park; and FFP-Charlotte does business in Huntersville, North Carolina as Frankie's Fun Park.

4. The SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. §§ 633 et seq. Under the CARES Act, the SBA administers the PPP. The SBA has responsive records in its possession, custody, and control and is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The SBA maintains district offices in Columbia, Spartanburg, and Charleston, South Carolina, which are within the District of South Carolina.

5. The SBA Administrator administers the SBA and is sued in her official capacity only. 15 U.S.C. § 634(b)(1) authorizes suit against the SBA Administrator. Because she is the federal officer with final authority for administering the PPP within the SBA, the SBA Administrator is a proper defendant for causes of action brought under the APA.

6. The Treasury Secretary is the Secretary of the United States Department of the Treasury and is sued in her official capacity only. Because she is the federal officer with final authority on all matters relating to the Department of the Treasury consulting with the SBA for the implementation of the PPP, the Treasury Secretary is a proper defendant for causes of action brought under the APA.

7. The United States is named as a defendant pursuant to 5 U.S.C. §§ 702, 703. The actions complained of in this lawsuit were taken by the United States through its agencies and officials, including the SBA and the SBA Administrator.

**JURISDICTION AND VENUE**

8. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1346(a)(2), and 1361 as this case arises under the laws of the United States, is brought against the United States,

and seeks to compel an officer and agency of the United States to perform a duty owed to Plaintiffs. The Court also has subject matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and (6)(C)(i), which endows the Court with jurisdiction to enjoin the SBA from withholding agency records and to order the production of any agency record improperly withheld from FFP-Columbia and FFP-Charlotte.

9. Plaintiffs have Article III standing because they have been harmed by the SBA's denials of PPP loan forgiveness to Plaintiffs. Additionally, FFP-Columbia and FFP-Charlotte have Article III standing because they have been harmed by the SBA's FOIA violations.

10. Plaintiffs have standing to appeal and seek review of the SBA's denials of PPP loan forgiveness to Plaintiffs. Additionally, FFP-Columbia and FFP-Charlotte have standing to seek redress of the SBA's FOIA violations.

11. Under 13 C.F.R. § 134.1211(g), final decisions may be appealed to the appropriate federal district court, which is this Court.

12. The SBA's denials of PPP relief to Plaintiffs are final agency actions under 5 U.S.C. § 704, which this Court has authority to review under 5 U.S.C. § 702.

13. The Court has authority to issue Plaintiffs appropriate declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 706.

14. The Court has authority to issue FFP-Columbia and FFP-Charlotte appropriate injunctive relief and other relief for the SBA's FOIA violations under 5 U.S.C. § 552(a)(4)(B).

15. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391(e)(1) because: (1) Defendants reside in this judicial district according to 28 U.S.C. § 1391(c)(2) as they are subject to the Court's personal jurisdiction with respect to the civil action here; (2) a substantial part of the events or omissions giving rise to the claim here occurred in this judicial district; and

(3) Plaintiffs reside in this judicial district according to 28 U.S.C. § 1391(c)(2) as it is where they maintain their respective principal place of business.

16. Venue is also proper in the District of South Carolina under 5 U.S.C. § 552(a)(4)(B) because FFP-Columbia and FFP-Charlotte reside and have their principal places of business in this district.

## FACTS

**A.    Nature of the FFP Entities' Business**

17. The FFP Entities, which are all located in the Carolinas, operate parks under the name Frankie's Fun Park that include multiple full-service and fast-casual restaurants that offer a wide range of food options and full-service bars. While the parks include a variety of games and attractions, such as mini-golf, go-kart racing, arcade games, bumper boats, and batting cages, the restaurants are an integral part of the customer experience at each park, serving an indispensable function of attracting customers and contributing to the parks' revenues.

18. The FFP Entities are disregarded entities for tax purposes. Their parent company, FFP, files a consolidated tax return for the respective operations. FFP has used North American Industry Classification System ("NAICS") code 722511 as the industry code in its tax returns because its entities are primarily involved in the food service industry. The FFP Entities' primary competitors include Top Golf, Dave & Busters, and Chuck E. Cheese, which, upon information and belief, also use NAICS code 72 as their primary industry.

19. For fiscal year 2019, the FFP Entities, along with Wild Olive and Obstinate Daughter, reported $16,083,794 in food and beverage sales and $51,443,386 in total gross revenue. Thus, in fiscal year 2019, food and beverage sales represented approximately 31% of all combined

revenue, which was more than any other type of revenue, including outdoor attraction sales, inside attraction sales, arcade sales, and bowling sales.

20. In the same fiscal year, the FFP Entities, along with Wild Olive and Obstinate Daughter, had 841 employees combined. Of those, 385 (or approximately 46%) were engaged in the sale, preparation, or provision of food and beverage services. This figure exceeds any other type of employee, with the closest being 249 engaged in services related to outdoor attractions.

**B.    The COVID-19 Pandemic Devastates Businesses, Including Plaintiffs**

21. Cases of a novel coronavirus were first detected in China in December 2019, with the virus rapidly spreading to other countries across the world. This led the World Health Organization to declare a Public Health Emergency of International Concern on January 30, 2020. On March 11, 2020, the World Health Organization declared the global outbreak of coronavirus disease 2019 ("COVID-19") a pandemic.

22. In March 2020, the COVID-19 pandemic and the ensuing government-imposed restrictions on businesses' abilities to operate plunged the American economy into turmoil and recession.

23. On March 17, 2020, North Carolina Governor Roy Cooper issued Executive Order No. 118, which limited food and beverage sales to carry-out, drive-though, and delivery only.[1] Shortly thereafter, on March 27, 2020, Governor Cooper issued Executive Order No. 121, which was a "stay at home" order that limited non-essential activities and operations of non-essential businesses from March 30, 2020 through April 29, 2020,[2] which was later extended.[3] Later, the

---

[1] https://governor.nc.gov/media/1760/open.
[2] https://governor.nc.gov/media/1774/open.
[3] https://governor.nc.gov/media/1823/open.

"stay at home" orders were lifted but replaced by other orders that put significant operating restrictions on food services and other non-essential businesses.[4]

24. South Carolina Governor Henry McMaster issued a similar series of executive orders: Executive Order 2020-10 on March 17, 2020, which prohibited restaurants from providing food services on premises[5]; Executive Order 2020-17 on March 31, 2020, which ordered the closure of non-essential businesses[6]; and Executive Order 2020-21 on April 6, 2020, which required South Carolina residents to limit their movements outside their homes except to conduct "Essential Business" or "Essential Activities."[7] These restrictions stayed in place until May 21, 2020.[8]

25. As a result of these emergency measures, the FFP Entities were shuttered, and their employees could not work to earn a livelihood. The FFP Entities in North Carolina, *i.e.*, FFP-Raleigh and FFP-Charlotte, were closed from March 17, 2020 through August 7, 2020, while the FFP Entities in South Carolina, *i.e.*, FFP-Columbia, FFP-Greenville, and FFP-Charleston, were closed from March 17, 2020 through May 22, 2020.

26. Even after the government shutdowns were lifted and the FFP Entities reopened, the COVID-19 pandemic, reduced public demand, and government regulations continued to limit the FFP Entities' operations and reduced their staffing needs.

27. Small businesses across the country, including the FFP Entities, uniquely suffered from these various pandemic-related economic pressures since they operate on tighter margins than larger businesses and lack those larger businesses' access to traditional sources of funding.

---

[4] https://governor.nc.gov/media/1913/open; https://governor.nc.gov/media/1956/open.
[5] 2020-03-17 FILED Executive Order No. 2020-10 - Directing Additional Emergency Measures re COVID-19.pdf (sc.gov).
[6] 2020-03-31 FILED Executive Order No. 2020-17 - Closure of Non-Essential Businesses.pdf (sc.gov).
[7] 2020-04-06 FILED Executive Order No. 2020-21 - Stay at Home or Work Order Due to COVID-19.pdf (sc.gov).
[8] 2020-05-21 FILED Executive Order No. 2020-37 - Additional Incremental Modification of Non-Essential Business Closures.pdf.

**C.     The CARES Act and the PPP**

28. On March 25, 2020, Congress passed the CARES Act to mitigate the economic devastation caused by the COVID-19 pandemic and to protect the millions of Americans employed by small businesses from the ensuing mass unemployment.

29. The CARES Act created, *inter alia*, the PPP, which endowed the SBA with the funding and authority to operate a loan program designed to financially assist small businesses with their cash flow during the COVID-19 pandemic.

30. Generally, under the CARES Act, a business concern is eligible for a PPP loan if it is a "small business concern," as defined by Section 3 of the Small Business Act, or if it employs not more than 500 employees or the size standards in number of employees as established by the SBA. 15 U.S.C. § 636(a)(36)(D)(i).

31. Additionally, under the CARES Act, "any business concern that employs not more than 500 employees per physical location of the business concern and that is assigned a [NAICS] code beginning with 72 at the time of disbursal shall be eligible to receive a covered [PPP] loan." 15 U.S.C. § 636(a)(36)(D)(iii).

32. The CARES Act further waives the SBA's affiliation rules under 13 C.F.R. § 121.103 for "any business concern with not more than 500 employees that, as of the date on which the covered loan is disbursed, is assigned a [NAICS] code beginning with 72." 15 U.S.C. § 636(a)(36)(d)(iv).

33. On April 3, 2020, the SBA issued guidance on the application of its affiliation rules under the PPP. With respect to the affiliation waiver in 15 U.S.C. § 636(a)(36)(d)(iv), the SBA's guidance, which would later be supplemented with more detailed information, merely repeated the waiver provision from the CARES Act.

**D.    Plaintiffs Obtain PPP Loans with the Other FFP Entities**

34.    Like other businesses in the food service industry, the FFP Entities suffered significant harm from the COVID-19 pandemic. As a result of this harm, the FFP Entities considered terminating some of their employees and/or reducing the wages of employees so their businesses could survive.

35.    Following the April 3, 2020 issuance of the SBA's guidance on the affiliation waiver, FFP determined that its entities were eligible for PPP loans based on its use of NAICS code 72.

36.    On or around April 5, 2020, each FFP Entity submitted a PPP loan application through its lender, Truist Bank, which were approved. PPP loans were disbursed to each FFP Entity.

37.    Thereafter, the FFP Entities used the PPP loans to continue paying their employees even though each entity's operations had been shut down and restricted by the COVID-19 pandemic and government response.

**E.    SBA Wrongfully Denies Forgiveness of Plaintiffs' PPP Loans**

38.    Because the FFP Entities used the proceeds of the PPP loans for payroll costs that were eligible for forgiveness, the FFP Entities, Wild Olive, and Obstinate Daughter applied for loan forgiveness in early 2021.

39.    The SBA approved forgiveness of the PPP loans for Wild Olive and Obstinate Daughter in March 2021. However, as to the FFP Entities, the SBA responded to the forgiveness applications by questioning whether the FFP Entities were excluded from using NAICS code 72 and requesting more information. In response, FFP submitted additional information supporting the use of NAICS code 72.

40. In July 2021, following FFP's supplemental submission, the SBA approved forgiveness of FFP-Charleston's PPP loan. On the same date, FFP received via Truist Bank a request from the SBA for verification of the NAICS code. In response, FFP again submitted the information it had previously provided to the SBA regarding the proper use of NAICS code 72, along with other information.

41. In September 2021, FFP received notice that the SBA was considering full denial of forgiveness of the PPP loans because "[b]orrower does not meet the size standard, and does not qualify for the NAICS 72 waiver." FFP responded to this notice by providing further information and documents supporting the use of the NAICS code 72 waiver.

42. On or around December 3, 2021, the SBA notified FFP that forgiveness of the PPP loans for FFP-Greenville, FFP-Columbia, and FFP-Raleigh was denied. According to the SBA, these entities were not eligible for a PPP loan.

43. In the notice of denial for FFP-Greenville, the SBA explained its rationale for denying the loan as follows:

> It is verified that the borrower exceeds the eligible small business size standards. The affiliated loans exceed the PPP size standard of 500, even if the Fun Park businesses are truly disregarded entities of the Parent company, that does not change the operations of the individual businesses. Additionally, the borrower exceeds the NAICS size standards for 722511 Full-Service Restaurants $8MM and the size standards for NAICS 713110 Amusement and Theme Parks $41.5MM (whichever Primary NAICS they might have decided to choose). Furthermore, the borrower did not provide the information to address Alternative Size Standards. There are no affiliate waivers for these businesses/loans; and the Borrower did not provide information to support the operations of the LLC's are food related as opposed to amusement parks (per Operating Agreement).

44. The notice of denial for FFP-Raleigh contained a similar explanation.

45. The notice of denial for FFP-Columbia merely stated, "Borrower not meeting the criteria to pass the small business size standards under the SBA 7(a) program."

46. On December 16, 2021, the SBA notified FFP that the SBA denied forgiveness of the PPP loan for FFP-Charlotte. The notice explained that FFP-Charlotte "was ineligible for the PPP loan" because "the Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards."

47. On January 3, 2022, Plaintiffs appealed the SBA's denials of PPP loan forgiveness to the OHA, arguing that (1) the SBA was precluded from denying forgiveness of the loans after approving forgiveness of the loan for FFP-Charleston, which was substantially the same as the entities for whom loan forgiveness was denied; (2) the SBA's inconsistent treatment of the appealing entities and FFP-Charleston was arbitrary and capricious; (3) the entities were eligible for the NAICS code 72 waiver under the PPP because, under the SBA's affiliation rules, the entities' primary industry was food and beverage services based on the fact that the entities earn more revenue from food and beverage sales than from any other activity; and (4) even if the SBA's small business size standard for amusement and theme parks applies, then the fun park entities satisfy the standard for eligibility if the revenue for FFP-Charleston, Obstinate Daughter, and Wild Olive are not considered as appropriate under the SBA's guidance that the SBA's affiliation rules do not apply to entities using the NAICS code 72 waiver.

48. On February 1, 2023, the OHA, by and through Administrative Law Judge Joseph K. Essmyer, Jr. (the "ALJ"), issued separate decisions remanding the SBA's denials of PPP loan forgiveness to FFP-Columbia and FFP-Charlotte, concluding that the "final SBA loan review decision does not provide a complete and reviewable basis for SBA's denial of [FFP-Columbia and FFP-Charlotte]'s loan forgiveness application." Upon remand, FFP provided the SBA with further information, and on or about June 6, 2023, FFP-Charlotte and FFP-Columbia received the SBA's decision that FFP-Charlotte and FFP-Columbia were ineligible for the PPP loan and denied

forgiveness. On July 6, 2023, FFP-Charlotte and FFP-Columbia appealed the SBA's second denial of PPP loan forgiveness to the OHA, requesting the OHA reverse the SBA's denial.

49. Also on February 1, 2023, the OHA, by and through the ALJ, issued a decision affirming the SBA's denials of PPP loan forgiveness to FFP-Greenville (the "FFP-Greenville Initial Decision"), concluding that FFP-Greenville "does not meet the size standards for a PPP loan," was ineligible for "the PPP loan it received" and "PPP loan forgiveness," and "remains liable for the PPP loan" and that the "final SBA loan review decision was not based on clear error of law or fact."

50. On the same date, the OHA, by and through the ALJ, issued a decision affirming the SBA's denials of PPP loan forgiveness to FFP-Raleigh (the "FFP-Raleigh Initial Decision"), concluding that FFP-Raleigh "does not meet the size standards for a PPP loan," was ineligible for "the PPP loan it received" and "PPP loan forgiveness," and "remains liable for the PPP loan" and that the "final SBA loan review decision was not based on clear error of law or fact."

51. Subsequently, FFP-Greenville and FFP-Raleigh filed requests for reconsideration of the FFP-Greenville and FFP-Raleigh Initial Decisions. On February 14, 2023, the OHA, by and through the ALJ, issued reconsidered initial decisions as to FFP-Greenville and FFP-Raleigh, affirming and incorporating the initial decisions, which later became the final decisions of the SBA as to FFP-Greenville and FFP-Raleigh (the "FFP-Greenville and FFP-Raleigh Final Decisions").

52. On January 8, 2024, the OHA, by and through the ALJ, issued a decision affirming the SBA's denials of PPP loan forgiveness to FFP-Columbia (the "FFP-Columbia Initial Decision"), concluding that FFP-Columbia "does not meet the size standards for a PPP loan," was "ineligible for the PPP loan it received," is "ineligible for PPP loan forgiveness," and "remains

liable for the PPP loan" and that the "final SBA loan review decision is not based on clear error of fact or law."

53. On the same date, the OHA, by and through the ALJ, issued a decision affirming the SBA's denials of PPP loan forgiveness to FFP-Charlotte (the "FFP-Charlotte Initial Decision"), concluding that FFP-Charlotte "does not meet the size standards for a PPP loan," was "ineligible for the PPP loan it received," is "ineligible for PPP loan forgiveness," and "remains liable for the PPP loan" and that the "final SBA loan review decision is not based on clear error of fact or law."

54. Thirty days after service of the FFP-Columbia and FFP-Charlotte Initial Decisions, they became the final decisions of the SBA as to FFP-Columbia and FFP-Charlotte (the "FFP-Columbia and FFP-Charlotte Final Decisions").

55. The FFP-Greenville and FFP-Raleigh Final Decisions and the FFP-Columbia and FFP-Charlotte Final Decisions (collectively, the "Final Decisions") provide that "final decisions may be appealed to the appropriate Federal district court only."

### F.    SBA Violates FOIA

56. On March 1, 2023, FFP-Columbia and FFP-Charlotte, through their counsel, submitted a FOIA request (the "FOIA Request") to the SBA for records relating to their PPP loans and subsequent denials of forgiveness.

57. In correspondence dated March 2, 2023, the SBA confirmed receipt of the FOIA Request.

58. The SBA failed to timely respond to the FOIA Request.

59. On August 25, 2023, FFP-Columbia and FFP-Charlotte, through their counsel, sent follow-up correspondence to the SBA inquiring into the status of the FOIA Request. On August

30, 2023, the SBA responded it was "checking on the status."  However, no further response was received.

60. As of the filing of this Complaint, the SBA has failed to respond to the FOIA Request.

61. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt under 5 U.S.C. § 552(a)(6)(A)(i).

62. If there are "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), an agency may extend the time to make its determination by no more than ten working days pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

63. Under FOIA, the requesting party is deemed to have exhausted its administrative remedies if the agency fails to comply with the applicable time limit provisions of the statute pursuant to 5 U.S.C. § 552(a)(6)(C)(i)

64. The SBA has, thus far, failed to produce any responsive agency records to FFP-Columbia or FFP-Charlotte or their counsel, and the statutory period for an agency response has expired.  The SBA similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

**FIRST CAUSE OF ACTION**
**(Judicial Review of Agency Decisions – Against All Defendants)**

65. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

66. Under 5 U.S.C. § 702, the APA authorizes judicial review of the actions of federal agencies, including the Final Decisions.

67. Plaintiffs have suffered a legal wrong because of the SBA's actions, including the Final Decisions, and have been adversely affected and aggrieved by the SBA in the agency's

incorrect application of the PPP resulting in denial of Plaintiffs' PPP loans under the CARES Act, entitling Plaintiffs to judicial review of the Final Decisions.

68. The SBA wrongfully denied forgiveness of Plaintiffs' PPP loans because Plaintiffs are eligible for loan forgiveness under the CARES Act.

69. The SBA is precluded from denying forgiveness of Plaintiffs' PPP loans after approving forgiveness of the loan for FFP-Charleston, which is substantially the same as Plaintiffs.

70. The SBA's inconsistent treatment of the FFP Entities is arbitrary and capricious.

71. Plaintiffs are eligible for the NAICS code 72 waiver under the PPP because, under the SBA's affiliation rules, the FFP Entities' primary industry is food and beverage services based on the fact that the entities earn more revenue from food and beverage sales than from any other activity.

72. Even if the SBA's small business size standard for amusement and theme parks applies to Plaintiffs instead of NAICS code 72, each Plaintiff satisfies the standard for eligibility if the revenue for the other FFP Entities, Obstinate Daughter, and Wild Olive are not considered as appropriate under the SBA's guidance that the SBA's affiliation rules do not apply to entities using the NAICS code 72 waiver.

73. Plaintiffs are entitled to judicial review of the Final Decisions for the legal wrong Plaintiffs suffered.

**SECOND CAUSE OF ACTION**
**(Injunctive Relief – Against All Defendants)**

74. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

75. Under 5 U.S.C. § 706(1), the APA authorizes the Court to compel agency action unlawfully withheld or unreasonably delayed.

76. By its Final Decisions, the SBA has unlawfully refused and unreasonably delayed forgiveness of Plaintiffs' PPP loans to which Plaintiffs are entitled under the CARES Act.

77. Plaintiffs are entitled to a mandatory injunction against the SBA, compelling the SBA to forgive Plaintiffs' PPP loans as the SBA correctly did for FFP-Charleston.

78. Plaintiffs will suffer imminent and irreparable harm in the absence of an injunction compelling the SBA to forgive Plaintiffs' PPP loans.

79. Plaintiffs are likely to succeed on the merits of their lawsuit against the SBA because Plaintiffs are entitled to PPP loan forgiveness under the CARES Act.

80. There is no other adequate remedy at law for Plaintiffs to obtain forgiveness of their PPP loans.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment – Against All Defendants)

81. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

82. Under 5 U.S.C. § 706(2), the APA authorizes the Court to hold unlawful and set aside agency action, findings, and conclusions found to be, *inter alia*, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

83. The Final Decisions are agency actions containing arbitrary and capricious findings and conclusions that are an abuse of the SBA's discretion and are not in accordance with the CARES Act because the Final Decisions wrongfully denied PPP loan forgiveness for Plaintiffs.

84. Plaintiffs are entitled to a declaratory judgment holding that the Final Decisions are unlawful.

85. Plaintiffs are entitled to a declaratory judgment setting aside the Final Decisions.

**FOURTH CAUSE OF ACTION**
**(FOIA Violation for Failure to Respond Within the Time Required – By FFP-Columbia and FFP-Charlotte against the SBA)**

86. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

87. Under 5 U.S.C. § 552(a)(6), the SBA was required to respond to the FOIA Request and to notify FFP-Columbia and FFP-Charlotte of the agency's determination within twenty days after receiving the FOIA Request.

88. The SBA's failure to make the requisite determination and to communicate it to FFP-Columbia and FFP-Charlotte within the time allowed by the statute violates FOIA under 5 U.S.C. § 552(a)(6)(A)(i).

**FIFTH CAUSE OF ACTION**
**(FOIA Violation for Failure to Conduct an Adequate Search – By FFP-Columbia and FFP-Charlotte against the SBA)**

89. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

90. The SBA has violated its obligation under 5 U.S.C. § 552(a)(3)(C) by failing to make a reasonable effort to search for records responsive to the FOIA Request.

**SIXTH CAUSE OF ACTION**
**(FOIA Violation for Wrongful Withholding of Records – By FFP-Columbia and FFP-Charlotte against the SBA)**

91. Plaintiffs reallege and incorporate the foregoing paragraphs as if fully set forth herein.

92. The SBA is wrongfully withholding agency records by failing to produce non-exempt records responsive to the FOIA Request and by failing to segregate and produce non-exempt records responsive to the FOIA Request.

93. The SBA is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the FOIA Request.

94. FFP-Columbia and FFP-Charlotte have a legal right to obtain such records, and there is no legal basis for the SBA's failure to disclose them.

95. The SBA's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public under 5 U.S.C. § 552(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court grant them the following relief:

i. Enter judgment in favor of Plaintiffs on all claims against Defendants;

ii. Provide judicial review of the Final Decisions pursuant to the APA;

iii. Reverse and set aside the Final Decisions;

iv. Order the SBA to issue a new decision forgiving Plaintiffs' PPP loans;

v. Issue a mandatory injunction compelling the SBA to forgive Plaintiffs' PPP loans;

vi. Declare the Final Decisions unlawful;

vii. Declare that the SBA's attempt to deny loan forgiveness to Plaintiffs is an impermissible application of law, contrary to the CARES Act;

viii. Set aside the Final Decisions;

ix. Declare that Plaintiffs have met all requirements for loan forgiveness under the CARES Act;

x. Declare that Plaintiffs' PPP loans be forgiven;

xi. Declare that the SBA's failure to make a timely determination with regard to the FOIA Request violates 5 U.S.C. § 552(a)(6) of FOIA;

xii. Order the SBA to expeditiously conduct an adequate search for all records responsive to the FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

xiii. Declare that the SBA's failure to promptly disclose the records responsive to the FOIA Request violates 5 U.S.C. § 552(a)(3)(A) of FOIA;

xiv. Order the SBA to expeditiously disclose all responsive, non-exempt records and enjoin the SBA from improperly withholding records;

xv. Award costs, expenses, and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and to the extent permitted by law; and

xvi. Grant any other and further relief as the Court may deem just and proper.

Respectfully submitted,

**MOORE AND VAN ALLEN, PLLC**

*s/ E. Brandon Gaskins*
E. Brandon Gaskins, Federal ID. No. 9507
Daniel R. Fuerst, Federal ID No. 12616
78 Wentworth Street
P.O. Box 22828
Charleston, SC 29413-2828
Telephone: (843) 579-7000
Facsimile: (843) 579-7099
brandongaskins@mvalaw.com
danielfuerst@mvalaw.com

*Attorneys for Plaintiffs*

May 3, 2024
Charleston, South Carolina