IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Frankies Fun Park of Columbia, LLC; Frankies Fun Park of Greenville, LLC; Frankies Fun Park Of Raleigh, LLC; and Frankies Fun Park of Charlotte, LLC, | ) ) ) ) ) | Civil Action No. 2:24-cv-02836-DCN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| The United States Small Business Administration; Isabel Casillas Guzman, in her official capacity as Administrator of the United States Small Business Administration; Janet Yellen, in her official capacity as Secretary of the United States Department of the Treasury; and the United States of America, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants United States Small Business Administration, Isabel Casillas Guzman, in her official capacity as Administrator of the United States Small Business Administration (SBA), Janet Yellen, in her official capacity as Secretary of the United States Department of Treasury, and United States of America, by and through Adair F. Boroughs, United States Attorney for the District of South Carolina, and the undersigned Assistant United States Attorney, deny each and every allegation of Plaintiffs' Complaint not specifically admitted herein. By way of further response, Defendants state as follows:

1.      Paragraph 1 contains only legal characterizations to which an answer is not required.  Defendants state that the provisions of the CARES Act and the Administrative Procedure Act ("APA") speak for themselves and provide the best evidence of its content. To the

extent that Paragraph 1 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

2.     Paragraph 2 contains only legal characterizations to which an answer is not required.   Defendants state that the provisions the Freedom of Information Act ("FOIA") speak for themselves and provide the best evidence of their content. To the extent that Paragraph 2 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

3.     Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiffs. To the extent that Paragraph 3 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

4.     Defendants admit that the SBA is an independent federal agency. Defendants admit that SBA maintains district offices within the District of South Carolina. The remainder of Paragraph 4 is a legal characterization to which no response is required. To the extent that Paragraph 4 of Plaintiff's Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

5.     Defendants admit that the SBA Administrator administers the SBA. The remainder of Paragraph 5 is a legal characterization to which no response is required.

6.     Defendants admit that the Treasury Secretary is the Secretary of the United States Department of the Treasury. The remainder of Paragraph 6 is a legal characterization to which no response is required.

7.      Paragraph 7 contains only legal characterizations to which no response is required. To the extent that Paragraph 7 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

8.      Paragraph 8 contains only legal characterizations to which no response is required.

9.      Paragraph 9 contains only legal characterizations to which no response is required. To the extent that Paragraph 9 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

10.     Paragraph 10 contains only legal characterizations to which no response is required. To the extent that Paragraph 10 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

11.     Paragraph 11 contains only legal characterizations to which no response is required. Defendant states that the Code of Federal Regulations is the best evidence of its content. To the extent that Paragraph 11 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants demy the same.

12.     Paragraph 12 contains only legal characterizations to which no response is required.

13.     Paragraph 13 contains only legal characterizations to which no response is required. To the extent that Paragraph 13 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

14.     Paragraph 14 contains only legal characterizations to which no response is required. To the extent that Paragraph 14 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

15. Paragraph 15 contains only legal characterizations to which no response is required. Defendants admit that venue is proper in the District of South Carolina. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, deny the remaining allegations.

16. Paragraph 16 contains only legal characterizations to which no response is required. To the extent that Paragraph 16 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

17. Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiff.

18. Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiffs.

19. Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiffs.

20. Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiffs.

21. Paragraph 21 contains only factual characterizations to which no response is required. To the extent that Paragraph 21 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

22. Paragraph 22 contains only factual characterizations to which no response is required. To the extent that Paragraph 22 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

4

23.    Paragraph 23 contains only factual characterizations to which no response is required. Defendants state that Executive Order No. 118 and Executive Order No. 121 are the best evidence of their content. To the extent that Paragraph 23 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

24.    Paragraph 24 contains only factual characterizations to which no response is required. Defendants state that Executive Order 2020- l0, Executive Order 2020-17, and Executive Order 2020-21 are the best evidence of their content. To the extent that Paragraph 24 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

25.    Defendants are without information sufficient to form a or knowledge to form a belief as to the characterization of Plaintiffs.

26.    Defendants are without information sufficient to form a or knowledge to form a belief as to the characterization of Plaintiffs.

27.    Paragraph 27 contains only factual characterizations to which no response is required. To the extent that Paragraph 27 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

28.    Paragraph 28 contains only legal and factual characterizations to which no response is required. Defendants state that the CARES Act is the best evidence of its content. To the extent that Paragraph 28 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

29.    Paragraph 29 contains only legal and factual characterizations to which no response is required. Defendants state that the CARES Act is the best evidence of its content. To the extent

that Paragraph 29 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

30.    Paragraph 30 contains only legal and factual characterizations to which no response is required. Defendants state that the CARES Act is the best evidence of its content. To the extent that Paragraph 30 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

31.    Paragraph 31 contains only legal and factual characterizations to which no response is required. Defendants state that the CARES Act is the best evidence of its content. To the extent that Paragraph 31 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

32.    Paragraph 32 contains only legal and factual characterizations to which no response is required. Defendants state that the CARES Act and 13 C.F.R. § 121.103 are the best evidence of their content. To the extent that Paragraph 32 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

33.    Paragraph 33 contains only legal and factual characterizations to which no response is required. Defendants state that the CARES Act and the April 3, 2020 Interim Final Rule are the best evidence of their content. To the extent that Paragraph 33 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

34.    Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiffs.

6

35.    Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiffs. Defendants deny that the FFP entities were eligible for PPP loans based on their use of NAICS code 72.

36.    Defendants admit that each FFP Entity submitted a PPP loan application and that in reliance on FFP's representations that it was eligible for a PPP loan, its Lender, Truist Bank, processed those PPP applications. Defendants admit that PPP loans were disbursed to each FFP entity.

37.    Defendants are without sufficient information or knowledge to form a belief as to the characterization of Plaintiff.

38.    Defendants admit that the FFP Entities applied for forgiveness in early 2021. Defendants deny that the FFP Entities were eligible for forgiveness.

39.    Defendants admit that SBA approved forgiveness of the PPP loans for Wild Olive and Obstinate Daughter in March 2021. Defendants admit that SBA requested additional information pertaining to FFP Entities' use of the NAICS 72 code. Defendants admit that Plaintiffs responded but deny that the response supported the use of NAICS code 72 for all FFP entities.

40.    Defendants admit they approved forgiveness of FFP-Charleston's PPP loan. Defendants are without information or belief as to the communications between Truist Bank and Plaintiffs. Defendants admit that the SBA requested additional information pertaining to FFP Entities' use of the NAICS 72 code. Defendants admit that Plaintiffs responded but deny that the response supported the use of NAICS code 72 for all FFP entities.

41.    Defendants admit that the SBA issued notice stating that it was considering full denial of forgiveness of the PPP loans for the FFP Entities because the borrower did not qualify

for use of the NAICS 72 waiver. Defendants admit that Plaintiffs responded but deny that the response supported the use of NAICS code 72 for all FFP Entities.

42.     Defendants admit that the SBA denied forgiveness for the FFP-Greenville, FFP-Columbia, and FFP-Raleigh loans because these loans were not eligible for a PPP loan.

43.     Defendants state that the SBA's notice of denial is the best evidence of its content.

44.     Defendants state that the SBA's notice of denial is the best evidence of its content.

45.     Defendants state that the SBA's notice of denial is the best evidence of its content.

46.     Defendants state that the SBA's notice of denial is the best evidence of its content.

47.     Defendants admit the Plaintiffs appealed the SBA's denials of PPP forgiveness. Defendants state that Plaintiffs' administrative petition is the best evidence of its content.

48.     Defendants admit that the SBA Office of Hearings and Appeals ("OHA") issued a decision remanding FFP-Columbia and FFP-Charlotte's loans to Defendants in order to obtain further information. Defendants admit that, after considering this additional information, it found that these loans were ineligible for forgiveness and issued a denial on that basis. Defendants admit that Plaintiffs appealed the SBA's second denial of FFP-

8

Charlotte and FFP-Columbia's PPP loan forgiveness to the OHA and state that Plaintiffs' administrative petition is the best evidence of its content.

49.     Defendants admit that OHA affirmed SBA's denials of the FFP-Greenville loan forgiveness application. Defendants state that this OHA decision is the best evidence of its content.

50.     Defendants admit that OHA affirmed SBA's denials of the FFP-Raleigh loan forgiveness application. Defendants state that this OHA decision is the best evidence of its content.

51.     Defendants admit that Plaintiffs filed petitions for reconsideration ("PFR") for the Greenville and Raleigh loans. Defendants state that these PFRs are the best evidence of their content. Defendants admit that OHA upheld its initial decisions affirming SBA's denials of both FFP-Greenville and FFP-Raleigh's loans.

52.     Defendants admit that OHA affirmed its denial of PPP loan forgiveness to FFP-Columbia. Defendants state that this OHA decision is the best evidence of its content.

53.     Defendants admit that OHA affirmed its denial of PPP loan forgiveness to FFP-Charlotte. Defendants state that this OHA decision is the best evidence of its content.

54.     Paragraph 54 contains only legal and factual characterizations to which no response is required.

55.     Paragraph 55 contains only legal and factual characterizations to which no response is required. Defendants state that the decisions are the best evidence of their content.

56.     Defendants admit that Plaintiffs submitted a document on March 1, 2023, to the SBA counsel assigned to their administrative appeals. Defendants state that this document is the

9

best evidence of its content. Defendants deny that Plaintiffs submitted this document to SBA's Freedom of Information/Privacy Acts (FOI/PA) Office.

57.    Defendants admit that SBA counsel responded to the March 1, 2023 email and state that SBA counsel's responding email dated March 2, 2023, is the best evidence of its content.

58.    Paragraph 58 contains only legal characterization to which no response is required.

59.    Defendants admit Paragraph 59 of the Complaint.

60.    Defendants deny that Plaintiffs submitted such FOIA request to SBA's FOI/PA Office but admit that SBA has not responded to the purported FOIA request as of the date of the filing of the Complaint.

61.    Paragraph 61 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph 61 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

62.    Paragraph 62 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph 62 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

63.    Paragraph 63 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the

extent that Paragraph 63 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

64. Paragraph 64 contains only legal characterization to which no response is required.

65. Responding to the allegations contained in Paragraph 65, Defendants re-allege the preceding paragraphs of this Answer as if repeated herein verbatim.

66. Paragraph 66 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 702 is the best evidence of its content. To the extent that Paragraph 66 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

67. Paragraph 67 contains only legal characterization to which no response is required. To the extent that Paragraph 67 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

68. Defendants deny the allegation contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegation contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegation contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegation contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegation contained in Paragraph 72 of the Complaint.

73. Paragraph 73 contains only legal characterization to which no response is required.

74. Responding to the allegations contained in Paragraph 74, Defendants re-allege the preceding paragraphs of this Answer as if repeated herein verbatim.

75.     Paragraph 75 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 706 is the best evidence of its content. To the extent that Paragraph 75 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

76.     Defendants deny the allegation contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegation contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegation contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegation contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 contains only legal characterization to which no response is required. To the extent that Paragraph 80 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

81.     Responding to the allegations contained in Paragraph 81, Defendants re-allege the preceding paragraphs of this Answer as if repeated herein verbatim.

82.     Paragraph 82 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 706 is the best evidence of its content. To the extent that Paragraph 82 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegation contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegation contained in Paragraph 85 of the Complaint.

86.     Responding to the allegations contained in Paragraph 86, Defendants re-allege the preceding paragraphs of this Answer as if repeated herein verbatim.

87.     Paragraph 87 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph 87 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

88.     Paragraph 88 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph 88 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

89.     Responding to the allegations contained in Paragraph 89, Defendants re-allege the preceding paragraphs of this Answer as if repeated herein verbatim.

90.     Paragraph 90 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph 90 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

91.     Responding to the allegations contained in Paragraph 91, Defendants re-allege the preceding paragraphs of this Answer as if repeated herein verbatim.

92.     Defendants deny the allegation contained in Paragraph 92 of the Complaint.

93.     Paragraph 93 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph

93 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

94.     Paragraph 94 contains only legal characterization to which no response is required. To the extent that Paragraph 94 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

95.     Paragraph 95 contains only legal characterization to which no response is required. Defendants state that 5 U.S.C. § 552 is the best evidence of its content. To the extent that Paragraph 95 of Plaintiffs' Complaint contains any allegations or averments to which a response is required, Defendants deny the same.

96.     The remainder of the Complaint constitutes a prayer for relief, to which no response is required. Defendants deny, however, that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

97.     Plaintiffs fail to state a claim upon which relief can be granted.

98.     Defendants assert that, to the extent Plaintiffs failed to reasonably describe the records sought in their purported FOIA request, Plaintiffs have failed to exhaust their administrative remedies.

99.     Defendants assert the purported FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Plaintiffs are not entitled to compel the production of any record or

portion of any record protected from disclosure by one or more of the exemptions to FOIA or the Privacy Act.

100.    Defendants reserve the right to assert additional defenses throughout the course of this matter as such defenses become known.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that this Court affirm the SBA's decisions at issue, dismiss this action, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

*/s/ Joanna Stroud*
Joanna Stroud (#11245)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
843-266-1676
July 9, 2024                           Joanna.Stroud@usdoj.gov